Richard DUHAIME, et al., On behalf of Themselves and All Others Similarly Situated, Plaintiffs,

v.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY; John Hancock Variable Life Insurance Company; and John Hancock Distributors, Inc., Defendants.

No. CIV.A. 96–10706–GAO.

United States District Court, D. Massachusetts.

April 24, 1998.

*ORDER*

O'TOOLE, District Judge.

This Court approved a class action settlement in this case on December 31, 1997. One of the class members, Senator Howard M. Metzenbaum, objected to certain aspects of the proposed settlement and pressed those objections through counsel. He now seeks an award of attorneys' fees and expenses in the amount of $59,211.56, contending that his participation in the process that led to final approval of the settlement produced benefits to members of the class generally.

Objectors are not ordinarily awarded attorneys' fees, except where their efforts have conferred benefits on class members generally, as distinguished from the objectors themselves particularly. *See, e.g., Bowling v. Pfizer, Inc.,* 922 F.Supp. 1261, 1285 (S.D.Ohio), *aff'd,* 102 F.3d 777 (6th Cir.1996); *In re Domestic Air Transp. Antitrust Litig.,* 148 F.R.D. 297, 359–60 (N.D.Ga.1993). *See also In re The Prudential Ins. Co. of Am. Sales Practices Litig.,* 962 F.Supp. 572, 593–94 (D.N.J.1997) (declining to award attorneys' fees to objectors).

In this case Senator Metzenbaum objected to the proposed settlement on three grounds, two respecting the content of the notice to be given to class members concerning their options for benefits available under the settlement, and one respecting the amount of the fee sought by class counsel and the manner in which it should be paid. Senator Metzenbaum withdrew his first two objections after changes in the notice provisions of the settlement were agreed to by the parties. In its order approving the settlement, this Court noted that those changes generally benefitted class members. In addition, the Court approved the staged payment of attorneys'

fees to class counsel, as urged by Senator Metzenbaum. It is thus apparent that his attorneys' work did substantially benefit the class generally.

Just as in an individual case an attorney might be paid from the gross proceeds of a settlement, in a class action it is not unusual for attorneys' fees to be awarded out of a common settlement fund. *See, e.g., Bowling,* 922 F.Supp. at 1261. No doubt settlement amounts are often negotiated, both in individual cases and in class actions, with this prospect in mind. Here no common settlement fund has been established. However, the defendants have agreed to pay an award of attorneys' fees for the plaintiff class, up to $39 million. The Court has provisionally approved such an award, authorizing the immediate payment of a portion of it but reserving the final award and requiring the deposit into escrow of the provisionally approved balance. That escrowed balance can be thought of as a kind of common fund available for the payment of class attorneys' fees. *See In re General Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 820 (3d Cir.1995).

Senator Metzenbaum urges first that his attorneys' fees be paid by the defendants, but he alternatively suggests the fees should be withdrawn from the escrowed amount. There appears neither persuasive reason nor precedent for requiring these fees to be paid by the defendants in the circumstances present in this case. On the other hand, because his objections improved the settlement for the class, Senator Metzenbaum's attorneys in fact shared with class counsel the work of producing a beneficial settlement. It is appropriate that they also share in the fund awarded to recognize the cost of producing the benefit to the class.

The Court has reviewed the application in detail and finds that the fee sought by Metzenbaum's attorneys is fair and reasonable in the circumstances.

Accordingly, the Court hereby orders that Senator Metzenbaum be awarded his attorneys' fees and cost in the sum of $59,211.56, such sum to be paid out of the $16.5 million

escrow account established pursuant to the previous order of the Court..

It is SO ORDERED.